# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROSSANA QUATTROCCHI

### DEFENDANTS
ENHANCED RECOVERY COMPANY, LLC

**(b)** County of Residence of First Listed Plaintiff   LEHIGH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
PHONE: (215) 540-8888 EXT. 116

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.
Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/23/2015

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 428 West Green Street, Allentown, PA 18102

Address of Defendant: 8014 Bayberry Road, Jacksonville, FL 32256

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, CRAIG THOR KIMMEL, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 11-23-15   _____   57100
                 Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11-23-15   _____   57100
                 Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROSSANA QUATTROCCHI | : | CIVIL ACTION |
| v. | : | |
| ENHANCED RECOVERY COMPANY, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )


| 11-23-15 | | Plaintiff, Rossana Quattrocchi |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSSANA QUATTROCCHI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ` v. ) | **Case No.:** |
| ) | |
| ENHANCED RECOVERY ) | **COMPLAINT AND DEMAND FOR** |
| COMPANY, LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ROSSANA QUATTROCCHI ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.    Plaintiff is a natural person residing in Allentown, Pennsylvania 18102.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Defendant is a debt collection company with its office located at 8014 Bayberry Road, Jacksonville, Florida 32256.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.    At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12.     As Plaintiff has no business debts, the alleged debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

13.     Beginning in January 2015, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone in its attempts to collect a consumer debt.

14.     Upon information and belief, the alleged debt belongs to Colin Johnston Mosher, Plaintiff's soon to be ex-husband.

15.     Plaintiff instructed Defendant to stop calling her on her cellular telephone as the debt did not belong to her.

16.     In response, Defendant told Plaintiff it would continue to call her.

17.     Defendant failed to update its records and continued to call Plaintiff despite receiving both verbal and a written request from Plaintiff instructing them to stop calling.

18.     After instructing Defendant on numerous occasions to stop calling her cellular telephone, Defendant continued to call Plaintiff over the next nine (9) months.

PLAINTIFF'S COMPLAINT

19.    During one conversation, showing that Defendant called knowing that its calls were unwanted, the collector went as far as to challenge Plaintiff "Why did you block the number?"

20.    Further, Defendant is currently reporting the debt on Plaintiff's credit report, even after Defendant has been told the alleged debt does not belong to Plaintiff.

21.    Defendant contacted Plaintiff, on average, one (1) to two (2) times a week.

22.    It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone.

23.    Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt that did not belong to her.

24.    Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

25.    Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

a.    A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass,

4

oppress, or abuse any person in connection with the collection of a debt.

b.    A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuously calling Plaintiff's cellular telephone about a debt belonging to her soon to be ex-husband, with the intent to annoy, abuse and harass Plaintiff and further, did so knowing that its calls were blocked and unwanted.

### COUNT II

26.    Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA.

a.    A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b.    A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning

a consumer.

c.    Here, Defendant violated §§ 1692e and 1692e(10) when it was
attempting to collect a debt knowing that the alleged debt did
not belong to Plaintiff but reported the debt on Plaintiff's credit
report.

## COUNT III

27.    Defendant's conduct, as detailed in the preceding paragraphs, violated
15 U.S.C. § 1692f of the FDCPA.

a.    A debt collector violates § 1692f of the FDCPA by using unfair
or unconscionable means to collect or attempt to collect any
debt.

b.    Here, Defendant violated § 1692f of the FDCPA engaging in
other unfair and unconscionable debt collection practices,
including failing to update its records to cease collection calls
to Plaintiff's cellular telephone.

WHEREFORE, Plaintiff, ROSSANA QUATTROCCHI, respectfully prays
for a judgment as follows:

a.    All actual damages suffered pursuant to 15 U.S.C. §
1692k(a)(1);

6

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROSSANA QUATTROCCHI, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:   11-23-15

By: _____

CRAIG THOR KIMMEL
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:   kimmel@creditlaw.com

7

PLAINTIFF'S COMPLAINT